Caldwell, Ch.
delivered the opinion of the Court.
It would be difficult, if not impossible, to enumerate all the instances in which special injunctions may be granted. The distinction between the writ of injunction, strictly so called, and an order in the nature of an injunction, has been disregarded in practice, and such orders, although not enforced by writ of injunction, have long since indiscriminately obtained the name of injunctions. It has been laid down as a general rule, in equity, that where the plaintiff is entitled to relief, if that relief consists in restraining the commission or continuance of some act of the defendant, the Court administers it by means of a writ of injunction. (2 Story E. J. p. 190, 191, 225, 193, 200.) There can be no doubt of its power to restrain the alienation, of specific chattels, and to prevent the wasting of assets, or other property, pending litigation. A partner will frequently be restrained from inter-meddling with the partnership effects, from accepting or negotiating bills in the partnership name, and if there be a necessity for it, a receiver will be appointed. (Harding vs. Glover, 18 Ves. 281; Charleton vs. Poulteur, 19 Ves. 146.) Although an injunction will not be granted merely on the ground of the dissolution of the partnership, it will be granted where there is a violation of duty in the partner, or a breach of contract. The principle on which the Court acts is, to wind up the business of the partnership, adjust the accounts, and divide the profits.
In the present case there appears to have been a peculiar propriety in the application of the remedy: the plaintiff could *193 not take out a decree of ne exeat against tbe defendant, who had disposed of three of the slaves, since the filing of the original bill, and the answer did not deny his intention to sell the remaining slaves, alleged to belong to the partnership. We cannot perceive that the Commissioner has exceeded his power, in granting the injunction, under these circumstances.
The Act of 1840 is remedial, and imposes no restriction on his exercising a sound discretion in granting a special injunction, which continues of force until dissolved by order of a Chancellor. With such a salutary check, there is little danger of the power being abused. As to the practice, it is now too firmly established to be shaken, and precedents to warrant it, may be found extending back for more than fifty years. (Higginson et al. vs. Air et al. 1 Des. E. R. 428, 429.)
Before the adoption of the Act of 1840, the Court decided, in Hall vs. Jugnot, 1 Hill’s Ch. R. 43, that on the coming in of an answer, the Chancellor may grant a new injunction, or may make such other order on the bill and answer, as they may require, and this Court will not attempt to control his discretion, but upon plain and obvious mistake.
We can see no mistake as to the facts, and no misapplication of the law, in this case; the decree of the Chancellor is, therefore, affirmed, and the appeal dismissed.
Johnston, Ch. and Dunkin, Ch. concurred.
Harper, Ch. concurred in the result.

Appeal dismissed.